UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMANA COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> JEFFERY RAINEY; MARIA RAINEY; and DOES 1 through X, inclusive, <br><br> Defendants. | Case No.: 3:16-cv-02881-BEN-MDD <br><br> **ORDER REMANDING ACTION TO STATE COURT** |

Before the Court is Plaintiff Comana Company, Inc.'s Ex Parte Application for Order to Remand. (Docket No. 3.) For the reasons expressed below, the Court **GRANTS** Plaintiff's ex parte application to remand.

## BACKGROUND

In early October 2016, Plaintiff, a property manager, served Defendants with a three day notice to pay rent or quit, based on Defendants' failure to pay rent for the property at 1320 San Miguel Avenue, Spring Valley, CA 91977 ("Subject Property"). Defendants did not pay or vacate the property and, subsequently, Plaintiff filed and served an unlawful detainer action on October 14, 2016. The complaint had one claim for relief—unlawful detainer.

1       On November 23, 2016, five days before trial was set to begin, Defendants
2 removed the case to this Court on the basis of federal question jurisdiction. (Docket No.
3 1.) Defendants contend that "Plaintiff has actually filed a Federal Question action in
4 State Court" because "to evict a bona fide residential tenant of a foreclosed Landlord,
5 Plaintiff was required to state a cause of action under the [Protecting Tenants at
6 Foreclosure Act ('PTFA')]," 15 U.S.C. § 5220, *et seq.* (*Id.* at 3-4.) Defendants claim
7 that Plaintiff engaged in "artful pleading" and "sought to avoid [the] protections [of the
8 PTFA] by filing this action as" one for unlawful detainer. (*Id.*)
9       Plaintiff filed the ex parte application to remand the case to state court on
10 December 5, 2016. (Docket No. 3.) Defendants have not filed an opposition.

## DISCUSSION

12      The Court must determine whether it has subject matter jurisdiction to hear the
13 case. If "at any time" the Court lacks subject matter jurisdiction, "the case shall be
14 remanded." 28 U.S.C. § 1447(c). "A defendant may remove a case only if the claim
15 could have been brought in federal court." *Merrell Dow Pharm. v. Thompson*. 478 U.S.
16 804, 808 (1986) (citing 28 U.S.C. § 1441(b)). "Absent diversity of citizenship, federal-
17 question jurisdiction is required." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).
18      The Court determines that it lacks subject matter jurisdiction. Under federal
19 question jurisdiction, "[a] defendant may not remove a case to federal court unless the
20 *plaintiff's* complaint establishes that the case 'arises under' federal law." *Franchise Tax
21 Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10 (1983).
22 "A defense that raises a federal question is inadequate to confer federal jurisdiction."
23 *Merrell Dow*, 478 U.S. at 808 (citing *Louisville & Nashville R. Co. v. Mottley*, 211 U.S.
24 149, 152-53 (1908)). Here, the only claim for relief is one for unlawful detainer, which
25 arises under state law. (Docket No. 1-2.) No federal claim is presented on the face of the
26 complaint. *See Wescom Credit Union v. Dudley*, No. CV 10-8203, 2010 WL 4916578, at
27 *2 (C.D. Cal. Nov. 22, 2010) (finding no federal question jurisdiction in case with single
28 claim for unlawful detainer). Defendants claim that the PTFA is the proper basis for this

action, but the PTFA is inapplicable here because there has been no foreclosure on the Subject Property.  (Docket No. 3-1 at 4-5.)  Therefore, Defendants have not established that this Court has jurisdiction based on a federal question.  28 U.S.C. § 1331.[1]

Because the Court concludes that it lacks subject matter jurisdiction, Plaintiff's Ex Parte Application to Remand is **GRANTED**.  (Docket No. 3.)  Defendants' motion to proceed in forma pauperis in federal court is **DENIED AS MOOT**.  (Docket No. 2.)  The case is **REMANDED** to Superior Court of California, County of San Diego, Central Division, Case Number 37-2016-00035971-CL-UD-CTL.

**IT IS SO ORDERED.**

Dated:  December 19, 2016

_____
Hon. Roger T. Benitez
United States District Judge

---

[1] In addition, although not the basis for Defendants' removal, this Court lacks diversity jurisdiction.  The amount in controversy is less than $75,000, precluding jurisdiction even if diversity of citizenship existed.  28 U.S.C. § 1332.  The complaint indicates that the amount demanded is less than $5,000.